IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM J. KANEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-1993-N |
| | § | |
| DEWOLFF, BOBERG & | § | |
| ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff William J. Kanen's motion to remand [5] and Defendant DeWolff, Boberg & Associates, Inc.'s ("DB&A") motion to transfer case out of district [4]. For the following reasons the Court grants Kanen's motion. The Court denies DB&A's motion as moot.

### I. ORIGINS OF THE MOTION

On March 6, 2018, Plaintiff Kanen filed his original Petition against Defendant DB&A in state court, claiming wrongful termination of employment under Chapter 21 of the Texas Labor Code. On August 30, 2018, Kanen filed Chapter 7 bankruptcy in the United States Bankruptcy Court in the Eastern District of Texas. Though the bankruptcy proceedings closed on November 26, 2018, Kanen never listed the wrongful termination of employment lawsuit as an asset on his bankruptcy schedules. Kanen informed the Trustee of the bankruptcy estate of his failure to list the lawsuit as an asset, and the Trustee reopened the bankruptcy proceeding. On July 28, 2023, the bankruptcy court authorized

MEMORANDUM OPINION AND ORDER – PAGE 1

the Trustee to employ the Sanford Firm to act as special counsel to pursue the employment discrimination claim.

Meanwhile, on January 8, 2020, the state court granted DB&A's motion for summary judgment, but the Court of Appeals for the Fifth District of Texas at Dallas reversed and remanded the case for trial. The state court set trial for September 12, 2023, but DB&A filed another motion for summary judgment based judicial estoppel because of Kanen's failure to list the suit in the bankruptcy schedules. To avoid summary judgment, Kanen conceded his claim to the Trustee. As previously stated, the Trustee reopened the bankruptcy proceeding for the purpose of collecting any available funds resulting from the lawsuit that can be distributed to creditors. A week after the Trustee's substitution, on September 5, 2023, DB&A promptly filed its Notice of Removal. DB&A then filed the instant motion to transfer, to which Kanen responded with a motion to remand.

## II. THE COURT DENIES MANDATORY ABSTENTION

Kanen argues that mandatory abstention applies in this case, making remand appropriate. The Court disagrees. A court must abstain from hearing a case when section 1334(c)(2) applies. Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C.A. § 1334(c)(2). As derived from this section, the following conditions must be met to invoke mandatory abstention:

MEMORANDUM OPINION AND ORDER – PAGE 2

1) A party to the proceeding filed a timely motion to abstain;

2) The proceeding is based on a state law claim;

3) There is no basis for federal court jurisdiction other than section 1334;

4) The proceeding is a "related to", non-core proceeding;

5) An action is pending in state court; and

6) The state court action can be timely adjudicated.

*In re Lorax Corp.*, 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003) (collecting cases). DB&A argues that the lawsuit is a core-proceeding making mandatory abstention improper. The Court agrees. Title 28 U.S.C. § 157(b)(2) outlines a non-exhaustive list of examples of core-proceedings including "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." Because this lawsuit is now the only asset in the bankruptcy estate, it is all that is left to administered in the estate and it will be the only asset left to liquidate. Accordingly, the Court holds that this lawsuit is a core-proceeding and declines to apply mandatory abstention.

## II. THE COURT GRANTS PERMISSIVE ABSTENTION

Although mandatory abstention is inapplicable here, Kanen additionally argues that permissive abstention applies in this case, making remand appropriate. The Court agrees. A court has the authority to permissively abstain from hearing a case under section 1334(c)(1), which states:

MEMORANDUM OPINION AND ORDER – PAGE 3

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C.A. § 1334(c)(1).  From this federal courts have outlined the considerations for permissive abstention to be:

(1) The effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

(2) The extent to which state law issues predominate over bankruptcy issues;

(3) The difficulty or unsettled nature of the applicable state law;

(4) The presence of a related proceeding commenced in state court or other nonbankruptcy court;

(5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) The substance rather than form of an asserted "core" proceeding;

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) The burden on the bankruptcy court's docket;

(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) The existence of a right to a jury trial;

(12) The presence in the proceeding of nondebtor parties;

(13) Comity; and

(14) The possibility of prejudice to other parties in the action.

MEMORANDUM OPINION AND ORDER – PAGE 4

*In re Lorax Corp.*, 295 B.R. at 95 (collecting cases). The Court will discuss the most relevant factors.

This case was set for trial in state court on September 12, 2023, and DB&A filed its Notice of Removal on September 5, 2023, so for all intents and purposes, this case would have been decided by now and the bankruptcy court could have efficiently administered this last asset in the bankruptcy estate. By removing this case, DB&A only delayed the administration of the bankruptcy estate and prolonged this litigation. Furthermore, it is without debate that the state law claims predominate over the bankruptcy issue as the administration of the bankruptcy estate is reactive to the outcome of the instant litigation. Even more, the administration of the bankruptcy estate has no bearing on the outcome of the state law claim. There is no jurisdictional basis outside of section 1334 for this case to be removed to federal court. The substance of the adversary proceeding is a state law employment discrimination claim. It is entirely feasible to sever the state law claim from the bankruptcy matter, especially given that the bankruptcy proceeding becomes moot if DB&A is not found liable for employment discrimination. As Kanen argues, DB&A's removal to federal court seven days before this case was to go to trial points towards DB&A's engagement in forum shopping. Finally, for reasons of comity, this Court finds deference to the state court suitable as a case involving only a state law claim should likely be decided by a state court. For all the reasons stated above, the Court holds permissive abstention to be appropriate in this case and remands the case back to state court.

CONCLUSION

Because abstention and remand to state court are appropriate under the permissive abstention doctrine, the Court grants Kanen's motion to remand and orders this case to be remanded to the County Court at Law, Number 4, Dallas County, Texas.  This Order moots Defendant's motion to transfer.

Signed April 23, 2024.

David C. Godbey
Chief United States District Judge